IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BOB NICHOLS NORFLEET, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | Civil Action No. H-13-2206 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| *Respondent*. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, a state inmate proceeding *pro se*, filed this section 2254 habeas petition challenging his two convictions and forty-year sentences for aggravated assault with a deadly weapon. Respondent filed a motion for summary judgment based on expiration of limitations (Docket Entry No. 13), to which petitioner filed a response (Docket Entry No. 21).

Based on careful consideration of the pleadings, the motion, the response, the record, and the applicable law, the Court **GRANTS** the motion for summary judgment and **DISMISSES** this case as barred by limitations.

**I. PROCEDURAL BACKGROUND**

Petitioner was convicted of two counts of aggravated assault with a deadly weapon and sentenced to two concurrent terms of forty-years incarceration on May 11, 2010. The convictions were affirmed on direct appeal. *Norfleet v. State*, Nos. 01-10-00429-CR and 01-10-00430-CR, 2011 WL 2436494 (Tex. App. – Houston [1st Dist.] 2011, no pet.) Petitioner did not file a petition for discretionary review.

Petitioner's relevant applications for state habeas relief, filed with the trial court on March 8, 2012, were denied by the Texas Court of Criminal Appeals on January 23, 2013. Petitioner's motions for rehearing were dismissed on February 12, 2013.

Petitioner filed the instant federal habeas petition on August 14, 2013.[1] Respondent argues that the petition is barred by the one-year federal statute of limitations.[2]

## II. ANALYSIS

This petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1] Petitioner's typewritten federal habeas petition, received by the Court on July 29, 2013, was unsigned, undated, and ordered stricken from the record.

[2] In his background statement, respondent alleges that the Court consolidated this case with petitioner's companion habeas case, *Norfleet v. Stephens*, C.A. No. H-13-2213 (S.D. Tex. 2013). This is incorrect. The Court dismissed the companion case without prejudice as duplicative of the instant case. As with this case, the petition in the companion case was unsigned and undated. In the interest of justice, the Court construes this pending petition as challenging both of petitioner's convictions.

  (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1), (2).

  Petitioner was convicted and sentenced on May 11, 2010, and the convictions were affirmed on appeal on June 16, 2011. Petitioner did not seek discretionary review. Accordingly, his convictions became final for purposes of AEDPA thirty days later, on July 16, 2011, and limitations expired on year later, on July 16, 2012. Although petitioner argues in his response to the motion for summary judgment that he is entitled to the additional ninety-day allowance provided by Supreme Court Rule 13.1, he is mistaken. When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003). However, "[i]f the defendant stops the appeal process before that point[,] the conviction becomes final when the time for seeking further direct review in the state court expires." *Id.* at 694. Here, petitioner did not

pursue relief on direct appeal through the highest state court, as he did not seek discretionary review with the Texas Court of Criminal Appeals; consequently, he receives no additional tolling credit for the period during which he otherwise could have sought review by the United States Supreme Court. *Lawrence v. Florida*, 549 U.S. 327, 332 (2007); *Ott v. Johnson*, 192 F.3d 510, 512–13 (5th Cir. 1999). The ninety-day provision of Rule 13.1 does not apply to petitioner's case and affords him no tolling benefit.

Petitioner's first set of applications for state habeas relief were filed on January 27, 2012, and dismissed on April 25, 2012, because his direct appeals were pending. These petitions did not toll limitations, as they were not "properly filed." *See Larry v. Dretke*, 361 F.3d 890, 894, 893 (5th Cir. 2004) (holding that court of criminal appeals does not have jurisdiction to consider state writ until the judgment for which relief is sought is final; for tolling purposes, a state writ is not "properly filed" if the state court applies a procedural bar without ever having to consider the merits).

Petitioner's second set of state habeas applications, however, did toll limitations. The applications, filed with the state trial court on March 8, 2012, were denied by the Texas Court of Criminal Appeals on January 23, 2013, thus tolling limitations for 322 days. His subsequent motion for rehearing tolled limitations for an additional six days. As a result, the instant federal petition was due June 10, 2013. *See Lookingbill v. Cockrell*, 293 F.3d 256, 261 (5th Cir. 2002); *Emerson v. Johnson*, 243 F.3d 931, 934 (5th Cir. 2001). Because it was filed no earlier than August 14, 2013, the instant petition is untimely and barred by

limitations. Petitioner neither argues, nor does the record show, any grounds for equitable tolling.

Respondent is entitled to summary judgment dismissing petitioner's claims as barred by the AEDPA statute of limitations.

## III. CONCLUSION

Respondent's motion for summary judgment (Docket Entry No. 13) is **GRANTED** and this case is **DISMISSED WITH PREJUDICE**. Any and all pending motions are **DENIED AS MOOT**. A certificate of appealability is **DENIED**.

**SIGNED** at Houston, Texas on the 3rd day of February, 2014.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE